2016-1810 (La. 11/15/16)

**IN RE: Diedre Pierce KELLY**

**No. 2016–OB–1810**

Supreme Court of Louisiana.

11/15/2016

ON APPLICATION FOR REINSTATEMENT

PER CURIAM

This proceeding arises out of an application for reinstatement filed by petitioner, Diedre Pierce Kelly, an attorney currently suspended from the practice of law in Louisiana.

**UNDERLYING FACTS AND PROCEDURAL HISTORY**

On April 2, 2015, we accepted a petition for consent discipline and suspended petitioner from the practice of law for one year and one day. *In re: Kelly*, 15–0414 (La. 4/2/15), 164 So.3d 815. In the petition for consent discipline, petitioner acknowledged that she signed her employer's name as notary to several documents in her bar admission application without her employer's knowledge or consent.

Petitioner subsequently filed an application for reinstatement with the disciplinary board, alleging she has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). The Office of Disciplinary Counsel ("ODC") filed a notice concurring in petitioner's reinstatement. Accordingly, the matter was referred to the disciplinary board's adjudicative committee chair, who approved petitioner's petition for reinstatement and recommended the petition be granted.

After considering the record in its entirety, we will adopt the adjudicative committee chair's recommendation and reinstate petitioner to the practice of law, subject to a two-year period of probation governed by the following conditions set forth in the conditional reinstatement concurrence filed by petitioner and the ODC:

1. Petitioner shall have an affirmative obligation to notify the ODC within

ten days should she return to the private practice of law;

2. Upon notification that petitioner intends to return to the private practice of law, and do so without the benefit of a more experienced attorney to mentor her, petitioner will be required to participate in an LSBA-sponsored Practice Assistance Audit, and implement any recommendations made following the audit;

3. Following the audit, petitioner will be required to have a practice monitor, who shall regularly report to the ODC during the remainder of petitioner's probationary period;

4. Petitioner shall remain current with all required bar dues, disciplinary assessments, and MCLE requirements;

5. Petitioner will cooperate with the ODC in implementing and executing this probationary plan;

6. Petitioner will not engage in any ethical misconduct during the probationary period;

7. Any violation of the terms of this probation may be considered as grounds for revocation of the reinstatement; and

8. The effective date of this probationary period will coincide with the date of any order issued by the court granting petitioner reinstatement to the practice of law.

### DECREE

Upon review of the recommendation of the disciplinary board's adjudicative committee chair, and considering the record, it is ordered that Diedre Pierce Kelly, Louisiana Bar Roll number 34031, be immediately reinstated to the practice of law in Louisiana, subject to the conditions set forth in this opinion. All costs of these proceedings are assessed against petitioner.